[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action, in six counts, brought by the plaintiffs by writ, summons and complaint dated July 17, 1998. On March 31, 1999, the defendant filed her answer and counterclaimed alleging trespass on the part of the plaintiffs.
After a full trial, the parties present and represented by counsel, the court, by a preponderance of the credible, relevant, reliable and legally admissible evidence and the reasonable, rational, logical and lawful inferences to be drawn therefrom, finds, determines and rules as follows:
The plaintiffs, Scott and Lisa Camilleri, hold an easement for the location and maintenance of a septic system which serves their property located at 50 Maple Street, Chester, Connecticut. The septic system is located on the property of the defendant, Jennifer Beaumont, known as 51 Maple Street, Chester, Connecticut. CT Page 9175
At the time the septic system was installed in the spring of 1969, both 50 Maple Street, now the dominant estate and 51 Maple Street, now the servient estate, were owned by Leslie v. Loveland and Margaret A. Loveland.
With the septic system in place, the Lovelands, by warranty deed, dated February 28, 1973, conveyed 51 Maple Street to Robert L. Diley, Sr. and Dorothy B. Diley. On the same date, Robert C. Diley, Sr. and Dorothy B. Diley did give, grant, bargain, sell and confirm to the Lovelands, their grantors of 51 Maple Street, an easement to "perpetually maintain a septic tank drainage easement, including the right to maintain, operate, repair and replace the same."
The court finds that a septic system easement was created that runs with the land in favor of 50 Maple Street as the dominant estate over 51 Maple Street the servient estate.
Further, the court expressly finds that it was the intent of the Lovelands and the Dileys to create an easement at the location of the then existing septic system, which is the present location of same.
Unfortunately, the executed instrument granting the easement contains a metes and bounds description of the premises which differs from the then and present location of the septic system. The description of the grant contained in the document does not reflect the intent of the parties as to the location of septic system.
The plaintiffs' deed and all deeds conveying 50 Maple Street since the installation of the septic system, contain a reservation of the easement. The defendant's deed is subject to the same septic easement.
At the time the defendant took title to 51 Maple Street, she knew the location of the septic system because the same was indicated on a map, dated May 8, 1995, which was prepared for her. The defendant's deed to 51 Maple Street is dated September 15, 1995.
The court concludes that the grant description of the location of the septic system contained in the February 28, 1973 grant of easement is different from and does not reflect the intent of the parties as to where they agreed the easement should lie.
Further, the plaintiffs and the defendant are bound by the intent of the parties at the creation of the easement.
Accordingly, the court orders as follows: CT Page 9176
1. The court finds that the plaintiffs are the owners in fee of that parcel bounded and described as follows:
 All that certain piece or parcel of land, with the buildings and other improvements thereon, known as 50 Maple Street, situated in the Town of Chester, County of Middlesex and State of Connecticut, bounded:
NORTHERLY: by land now or formerly of Margaret Larson Thompson; EASTERLY and SOUTHERLY: by the highway known as "Battle Street", now known as Maple Street; and WESTERLY: by land now or formerly of Frank B. Epright and by land now or formerly of Isador Roesenmeir, in party by each.
2. And the court further finds that the plaintiffs, their heirs, successors and assigns hold said parcel together with a permanent easement to maintain, repair and replace the septic system serving their above described property as that system is presently located, configured and maintained on the property of the defendant located at 51 Maple Street in the town of Chester, Connecticut including the septic tank, distribution box, all associated piping, leach or drainage fields, and the perimeter drainage facilities, ungrated "C-L' catch basin, and 12" and 6" RCP pipes and connected and associated facilities, all as shown on a certain map entitled "Property of Jennifer Beaumont, Town of Chester, Connecticut; date June 26, 1998; revision August 3, 1998 `Well abandoned'; scale 1"=20'; Richard J. Ziobron, Surveyor", which map is recorded in the records of the Chester Town Clerk.
3. Whereupon it is adjudged that the title to the above described permanent easement be and the same is hereby quieted and settled in the plaintiffs as against the defendant, and that the defendant, her heirs, successors and assigns, hold her property, which is more particularly described as:
 All that certain piece or parcel of land, with all buildings and improvements thereon, situated in the Town of Chester, County of Middlesex, and State of Connecticut, containing 3 1/2 acres, more or less, bonded and described as follows:
NORTHERLY: by Maple Street, 355 feet, more or less; EASTERLY: by land, now or formerly of Edward and Sandra Pienkosz; SOUTHEASTERLY: by land, now or formerly of Virginia Wilford, 109 feet, more or less; SOUTHERLY: by land, now or formerly of Richard and Joan A. Zieman; and WESTERLY: by land, now or formerly of Laurent P. and Fabiola M. Carrier. CT Page 9177
Subject to a permanent easement in favor of the plaintiffs, their heirs successors and assigns, to maintain, repair and replace that septic system and associated drainage facilities as that system and the associated facilities are presently located, configured and maintained on the property of the defendant located at 51 Maple Street in the town of Chester, Connecticut including the septic tank, distribution box, all associated piping, leach or drainage fields, and the perimeter drainage facilities, ungrated `C-L' catch basin, and 12" and 6" RCP pipes and connected and associated facilities, all as shown on a certain map entitled "Property of Jennifer Beaumont, Town of Chester, Connecticut; date June 26, 1998; revision August 3, 1998 `Well abandoned'; scale 1"=20'; Richard J. Ziobron, Surveyor", which is recorded in the records of the Chester Town Clerk.
4. That the plaintiffs, their heirs, successors and assigns, hold the said easement in keeping with the terms, conditions, rights and responsibilities as to use, repair, maintenance and restoration of the above described septic system and drainage facilities as contained in the Drainage Field Easement dated February 28, 1973 recorded in Volume 42 at page 619 of the Chester Land Records on March 6, 1973.
5. That Jennifer Beaumont, her heirs, successors and assigns and each of her and their officers, servants, agents, and employees are enjoined to wholly and absolutely desist and refrain from interfering with the use, maintenance, inspection, repair or replacement of the septic system serving the property of the plaintiffs, located at 50 Maple Street, as that system is presently located, configured and maintained on the property of the defendant located at 51 Maple Street in the town of Chester, Connecticut including the septic tank, distribution box, all associated piping, leach or drainage fields, and the perimeter drainage facilities, ungrated `C-L' catch basin, and 12" and 6" RCP pipes all as shown on a certain map entitled "Property of Jennifer Beaumont, Town of Chester, Connecticut; date June 26, 1998; revision August 3, 1998 `Well abandoned'; scale 1"=20'; Richard J. Ziobron, Surveyor", which is recorded in the records of the Chester Town Clerk.
6. And it is further ordered that costs shall be charged against the defendant in favor of the plaintiffs.
Daniel F. Spallone, JUDGE TRIAL REFEREE